STATE OF WEST VIRGINIA

**In Re: B.B., J.B., H.B., and L.M.**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-0432** (Calhoun County 12-JA-72 through 12-JA-75)

**MEMORANDUM DECISION**

Petitioner Father filed this appeal, by counsel Drannon L. Adkins, from the Circuit Court of Calhoun County, which terminated his parental rights to the subject children by order entered on April 4, 2013. The guardian ad litem for the children, Tony Morgan, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner contends that the circuit court's adjudication of him as an abusive and neglectful parent was based on insufficient evidence and that it erroneously denied his motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed its petition initiating this abuse and neglect case. The petition alleged that petitioner and the children's mother abused and neglected the children through excessive punishment, exposure to domestic violence, and exposure to the use of illicit substances. In January of 2013, the DHHR filed an amended petition, adding allegations that the oldest child, B.B., had been sexually abused multiple times by petitioner and that her mother knew of at least one of these incidents, but failed to protect B.B. During the course of these proceedings, the circuit court held an in-camera hearing with B.B. and subsequently adjudicated petitioner and the children's mother as abusive and neglectful parents. No improvement periods were granted in this case. Following a dispositional hearing, the circuit court entered an order terminating both parents' parental rights, from which Petitioner Father now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two assignments of error on appeal. First, petitioner argues that the circuit court erred in finding that there was sufficient credible evidence to support adjudicating him as an abusive and neglectful parent. Petitioner asserts that, because child B.B.'s testimony was inconsistent and unbelievable, it lacks credibility. Second, petitioner argues that the circuit court erroneously denied him a post-adjudicatory improvement period. Petitioner asserts that because his adjudication was based on insufficient evidence of sexual abuse, the circuit court erred in finding that the DHHR was not required to make reasonable efforts to preserve the family. Accordingly, petitioner argues that he should have received services through an improvement period.

Upon our review of the record, we find no abuse of discretion or error by the circuit court. First, our review reflects that there was sufficient evidence to support the circuit court's findings and conclusions of abuse and neglect. As provided in West Virginia Code § 49-1-3, children of abuse and neglect include those children whose health and welfare have been threatened or harmed by domestic violence, excessive punishment, sexual abuse, or emotional abuse. The transcript of B.B.'s in-camera testimony provides details of petitioner's sexual abuse against her, her mother's knowledge of this abuse, and of her fear of petitioner. B.B. also described the drug use, emotional abuse, and excessive punishment that occurred in the home and in the presence of her and her siblings. On appeal, petitioner only argues against the sexual abuse allegations, but the record indicates that the circuit court based its adjudicatory order on other conditions of abuse and neglect as well.

Second, with regard to the circuit court's denial of an improvement period, the record reflects that petitioner's motion for an improvement period generally asserted that he "corrected the issues" that existed at the inception of the abuse and neglect case, yet he did not acknowledge the gravity of these issues nor did he demonstrate how he supposedly corrected them or would substantially comply with terms of an improvement period. No other evidence has been submitted in the appellate record to support petitioner's contention that the circuit court erred in denying him an improvement period. Thus, we find no error or abuse of discretion in the circuit court's decision to deny petitioner's motion for an improvement period. Pursuant to West Virginia Code § 49-6-12, a parent moving for an improvement period bears the burden of proving by clear and convincing evidence that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if it finds that this burden has not been met. Further, West Virginia Code § 49-6-5(a)(7)(A) provides that the DHHR is not required to make reasonable efforts to preserve the family if any of the children in the home have been subjected to torture or sexual abuse. As discussed, we find that the circuit court's adjudication of petitioner was based on sufficient

evidence of not only petitioner's sexual abuse against B.B. but of other abusive and neglectful conditions in the home.

We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II